## PRATT *v.* STRONG.

### December, 1866.

The refusal of the court to allow a question to be put to a witness, is not ground for granting a new trial upon motion, unless the offer was made in such a manner as to enable the judge to see the materiality of the evidence.

Pratt *v.* Strong.

Ethan R. Pratt sued Demas Strong, in the supreme court, to recover the sum of two thousand dollars and interest thereon from January 1, 1853, collected by the defendant upon a demand against certain parties in California for the account of the plaintiff, which he had neglected and refused to pay over to the plaintiff, although requested to do so. Both parties were sworn upon the trial, and gave contradictory evidence, the defendant claiming that he had an accounting with the plaintiff, in which the claim in suit was settled, and also that he had never, in fact, received the money. Plaintiff gave evidence tending to show that defendant had received the money, and had sought to conceal the fact from him; and also, that the demand belonged to him, and not the defendant. The jury found that the defendant had collected, on account of the plaintiff, nine hundred and twenty dollars, for which amount they rendered a verdict for the plaintiff, with interest.

*Philip S. Crooke,* for defendant, appellant.

*C. M. Briggs,* for plaintiff, respondent.

MORGAN, J. [After stating the facts.]—But two exceptions were taken · on the trial, one of which is not noticed in the appellant's points, and will not be noticed here. The other exception is to the refusal of the judge to allow the defendant to answer the following question, viz: " Why did you not receive the money?" (meaning the nine hundred and twenty dollars, which it appears Judge ALDRICH had transmitted to the defendant from California, and which was a part of the demand for which this action was brought). It would have been well enough, I think, to have allowed the question to be answered; although it appears from the case that the defendant had already made an explanation, and had given evidence tending to show that the money had never been sent to him, but which evidence was contradicted by other testimony and disbelieved by the jury. It is impossible to say that the question was in any way material to the defense, without its being made more pointed and definite. We do not speculate upon a general exception of this character, to see if something material might not have grown out of the answer. It is not enough

that the appellant's counsel is able to state a case on the argument in which the question might be deemed material. He should do that at the circuit, so that the judge can see its materiality.

The judgment shonld be affirmed, with ten per cent. damages.

All the judges concurred.

Judgment affirmed, with costs and ten per cent. damages.